J-S14038-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| TYRONE J. GRAHAM, | : | |
| | : | |
| Appellant | : | No. 2395 EDA 2014 |

Appeal from the PCRA Order entered on August 15, 2014
in the Court of Common Pleas of Philadelphia County,
Criminal Division, No. CP-51-CR-0610381-2006

BEFORE: DONOHUE, OLSON and MUSMANNO, JJ.

MEMORANDUM BY MUSMANNO, J.: **FILED MARCH 09, 2015**

Tyrone J. Graham ("Graham") appeals from the Order dismissing his Petition filed pursuant to the Post Conviction Relief Act ("PCRA").[1] We affirm.

The PCRA court set forth the relevant factual and procedural history in its Opinion, which we adopt for purposes of this appeal. ***See*** PCRA Court Opinion, 9/16/14, at 1-4.[2]

On appeal, Graham raises the following issue for our review: "Is [Graham] entitled to PCRA relief in the form of the grant of leave to withdraw his guilty plea or new trial since [plea] counsel was ineffective for

---

[1] ***See*** 42 Pa.S.C.A. §§ 9541-9546.

[2] Graham timely filed a Notice of Appeal and a Concise Statement of Errors Complained of on Appeal.

failing to file and litigate a motion to withdraw guilty plea?"  Brief for Appellant at 4.

Graham contends that he asked his plea counsel to file a motion to withdraw his guilty plea, and that his plea counsel failed to comply with this request.  *Id*. at 15-16.  Graham asserts that he filed, *pro se*, a post-sentence motion to withdraw his guilty plea, which was erroneously docketed as a Notice of Appeal.[3]  *Id*. at 16.  Graham claims that his guilty plea was not knowing, voluntary or intelligent.  *Id*. at 20.  Graham contends that, because he alleged in his *pro se* Notice of Appeal that he had irreconcilable differences with plea counsel, and that plea counsel was ineffective, plea counsel should have filed a motion to withdraw Graham's guilty plea.  *Id*.  Graham asserts that his statements at the time he entered his guilty plea "clearly indicate[d] he that he [was] pleading guilty because there was [] inadequate time to consult with [plea] counsel[:] to prepare for trial[;]" and "with regard to the guilty plea."  *Id*. at 21, 22.  Graham claims that he "had no intention to plead guilty[,] and the Commonwealth informed the trial court of this fact."  *Id*. at 22.  Graham contends that his representations to the trial court at the time of his plea "appear[] to indicate that he [was] pleading guilty because he had no choice, as opposed to because he was guilty of the crimes charged."  *Id*. at 23.

---

[3] Our review of the record discloses that this one-page document is clearly entitled "Notice of Appeal."  *See* Notice of Appeal, 7/16/07.

In its Opinion, the PCRA court addressed Graham's claim, set forth the relevant law, and concluded that his claim lacks merit. **See** PCRA Court Opinion, 9/16/14, at 4-8. We agree with the sound reasoning of the PCRA court, and affirm on this basis. **See id**.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/9/2015